Matter of Social Servs. Empls. Union Local 371 v City of New York (2019 NY Slip Op 07993)





Matter of Social Servs. Empls. Union Local 371 v City of New York


2019 NY Slip Op 07993


Decided on November 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2019

Richter, J.P., Gesmer, Oing, Singh, JJ.


10267 101343/16

[*1] In re Social Services Employees Union Local 371, etc., Petitioner-Appellant,
v
City of New York, et al. Respondents-Respondents.


Kreisberg & Maitland, LLP, New York (Jeffrey L. Kreisberg of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Jamison Davies of counsel), for respondents.



Judgment, Supreme Court, New York County (Carmen Victoria St. George, J.), entered February 27, 2018, denying the petition brought pursuant to CPLR article 78 for, inter alia, a declaration that results of a civil service examination administered by respondent New York City Department of Citywide Administrative Services (DCAS) were null and void, and dismissing the proceeding, unanimously affirmed, without costs.
Petitioner failed to establish that DCAS's inclusion of 20 ungraded research questions in an examination administered for the position of Associate Fraud Investigator violated the merit and fitness clause of the New York State Constitution (art. V, § 6), the state's Civil Service Law § 50(1), or was otherwise arbitrary and capricious. DCAS is afforded considerable discretion in preparing and administering civil service examinations (see Matter of Gallagher v City of New York, 307 AD2d 76, 81 [1st Dept 2003], lv denied 1 NY3d 503 [2003]). As long as the examination is "reasonable in testing for the skills identified for the position" and " competitive' in the constitutional context," courts should not "second guess the format or the methods of the examination" (Matter of Merlino v Schneider, 93 NY2d 477, 486 [1999]; see also Gallagher, 307 AD2d at 81).
DCAS provided reasonable bases for including the 20 ungraded research questions in the examination. Specifically, the inclusion of these questions allowed DCAS to develop alternate forms of an exam for a given title that would yield measurably equivalent outcomes. Research questions also provided a means for "pre-testing" the validity of exam questions, ensuring that these questions were valid across differing groups of test-takers, regardless of their racial or ethnic background (see Guardians Assn. of New York City Police Dept., Inc. v Civil Serv. Commn. of City of New York, 630 F2d 79 [2d Cir 1980], cert denied 452 US 940 [1981]). Moreover, the time for taking the examination was extended to provide adequate time to answer all questions.
Petitioner fails to sufficiently allege that the inclusion of these ungraded questions was arbitrary or capricious. Indeed, all candidates were scored the same way on the graded questions, and the test did not inherently disadvantage any one candidate. Moreover, candidates were evaluated only on the basis of questions that had already been validated as providing an accurate measure of merit and fitness for the role. DCAS is not required to adopt petitioner's preferred method of testing proposed examination questions, particularly where the method chosen meets [*2]the constitutional mandate (see Matter of Hughes v Doherty, 5 NY3d 100, 105-06 [2005]).
We have considered the petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 7, 2019
CLERK